FILED
2017 OCT 27  AM 10: 20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

JOSE FLORES
12814 Victory Blvd. # 378
North Hollywood, CA 91606
Telephone Number:   (818) 445-1769
Attorney in Pro Se

UNITED STATES DISTRICT COURT

For the

Central District of California

CV17-07873-CBM(Ex)

| | |
|---|---|
| JOSE FLORES an individual | CASE NO.: |
| | Assigned to Judge: |
| Plaintiff(s) | |
| vs. | Date:<br>Time:<br>Dept." |
| GAIN CAPITALGROUP LLC, a Limited Liability corporation and Does 1 through 10, Inclusive | Trial date: None Set |
| | **Demand Exceeds $ 140,000.00** |
| Defendant(s) | **Demand for Jury Trial**<br>**Demand for punitive damages** |

Plaintiff Alleges:

**PRELIMINARY ALLEGATIONS:**

1.   Plaintiff is informed and believes and thereon alleges that at all relevant times herein mentioned Defendant GAIN CAPITAL GROUP LLC, is a limited liability corporation duly registered in the State of New Jersey and licensed to do business located at: 135 US Highway 202/206, Suite 11, Bedminster, NJ 07921.

1
COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL, DEMAND FOR PUNITIVE DAMAGES

2. In 2009, Gain was the subject of a Complaint issued by the Business Conduct Committee of the National Futures Association (hereinafter NFA). Gain was charged with failing to adequately review the websites of its unregistered solicitors to ensure that such websites did not contain materially misleading information and failing to establish and implement an adequate anti-money laundering program. Gain has continued these practices, despite being fined $100,000 in the above-referenced case.

3. Defendant is in violation of an NFA Compliance Rule (2-36[bX1]), which provides that no FDM or an associate of an FDM engaging in any forex transaction shall cheat, defraud or deceive, or attempt to cheat, defraud or deceive any other person.

4. Defendant is in violation of NFA Compliance Rule 2-36(bX4), which provides that no FDM or associate of an FDM engaging in any forex transaction shall engage in manipulative acts or practices regarding the price of any foreign currency or a forex transaction.

5. Defendant is in violation of NFA Compliance Rule 2-36(c), which provides that FDM or associate of an FDM shall observe high standards of commercial honor and just and equitable principles of trade in the conduct of their forex business.

6. NFA's 2009 audit of Gain found that the firm engaged in leverage and margin practices that were harmful to its customers. For example, Gain adopted a policy whereby, every Friday, it lowered the leverage for all of its accounts that were allowed to trade at 200:1 leverage - which included the micro accounts - to a 100:1 leverage. The effect of this weekly adjustment was to increase the margin requirement on these accounts from 0.5% to 1%.

7. As a result of Gain's practice of adjusting leverage/margin levels on Fridays, the accounts of many of its customers became under margined - even though they were adequately margined prior to the leverage adjustment. In order to bring the under margined accounts back into compliance with the higher margin requirement, Gain would liquidate the largest losing position in these accounts. However, sometimes the losing

2
COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL, DEMAND FOR PUNITIVE DAMAGES

position that Gain liquidated contained multiple contracts and the liquidation of only a portion of the losing position would have been sufficient to satisfy the new margin requirement. Nevertheless, Gain would arbitrarily liquidate the whole position which would not only result in the account being over margined but preclude the customer from possibly realizing a potential gain on that portion of the position the forced liquidation of which was unnecessary to satisfy the higher margin requirement. On information and belief, Defendant continues these practices today, causing Plaintiff damages subject to proof at trial.

8. Gain did not disclose to its customers - either in account opening documents, on the firm's website, or through any other means - that, if their accounts traded at 200:1 leverage (which included all the micro account customers), they would be subject to these routine weekly leverage/margin adjustments.

9. Gain's practice of routinely and repeatedly adjusting leverage and margin requirements on Fridays, without giving affected customers adequate prior notice of the adjustment, denied customers the opportunity to deposit additional funds to maintain their open positions or, at the very least, select which positions to liquidate, and caused them to experience significant losses in their accounts. As such, Gain breached its obligation to uphold high standards of commercial honor and just and equitable principles of trade.

10. Defendants Does 1 through 10, inclusive are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, Plaintiff will amend his complaint accordingly. Plaintiff is informed and believes on information and believes.

## FIRST CAUSE OF ACTION

### FRAUDULENT INDUCEMENT:

(Against all defendants)

11. Flores was seduced by unsolicited propaganda and marketing material found in Yahoo, where Flores had some email accounts. Flores opened a practice account around the fall of 2008. The understanding that Flores had of the practice account was to understand how the currency trading works and to prepare them for the live real trading account. Flores was successful 90% of the time with the practice account by doubling or even tripling the $50k virtual money in most cases.

## SECOND CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION:

(Against all defendants)

12. Gain was aggressively sending marketing materials to entice Plaintiff. Gain was constantly sending emails inviting and suggesting that currency trading was an easy way to made money, with marketing material such as videos, tutorials, trading for dummies, etc.

## THIRD CAUSE OF ACTION

### CONCEALMENT:

(Against all defendants)

13. Gain concealed the fact that 90% of the account holders will lose their money, regardless of their level of expertise. On 11/04/2016 John Tedesco [Gain employee] told Flores on the phone that unless Flores has an account with at least $500k he would not stand a chance to profit. He also stated that it is very likely that any one will lose their money with accounts funded with less money. Gain Capital did not disclose to Flores that Gain is and was the counterparty against them in all their trading.

## FOURTH CAUSE OF ACTION

### FRAUDULENT SOLICITACION:

(Against all defendants)

14. Gain was constantly and aggressively sending marketing materials to entice Plaintiff to invest money in Forex. Gain was constantly sending emails inviting and suggesting that currency trading was an easy way to made money, with marketing material such is videos, tutorials, trading for dummies, etc. Gain promised to Plaintiff that they will have a dedicated broker to help and assist Flores, but once the live accounts were funded, the emails and interest abruptly stopped.

## FIFTH CAUSE OF ACTION
### FRAUD:
(Against all defendants)

15. Gain Capital concealed the fact that 90% of the account holders will lose their money, regardless of their level of expertise. Gain was constantly and aggressively sending marketing materials to entice Plaintiff to invest money in Forex. Gain was constantly sending emails inviting and suggesting that currency trading was an easy way to made money, with marketing material such is videos, tutorials, trading for dummies, etc. Gain promised to Plaintiff that they will have a dedicated broker to help and assist Flores, but once the live accounts were funded, the emails and interest abruptly stopped. The false information provided by Gain was relied upon by Plaintiff when making a decision about futures or option trading that lead to plaintiff's damages.

## SIXTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY:
(Against all defendants)

16. Gain failed to provide a dedicated broker to supervise and to handle their trading accounts which lead to the total loss of their invested money, and to act with special care in handling their account when required to do so by the Commodity Exchange Act or CFTC rules.

## SEVENTH CAUSE OF ACTION

### UNAUTHORIZED TRADING:

(Against all defendants)

17. Gain consistently manipulated Plaintiff's trades, sometimes by terminating or liquidating a position followed by an illegal margin adjustment or even by completely changing the trade, when the trades were likely in Plaintiff's favor without Plaintiff's specific authorization or a written grant of authority to affect trades without specific authorization or any notification.

## EIGHTH CAUSE OF ACTION

### WRONGFUL LIQUIDATION:

(Against all defendants)

18. Gain did terminate Plaintiff's open positions of trades on a regular basis without the knowledge or the written authorization of Plaintiff. Gain manipulated the margin and slippage routinely to its own advantage and to the detriment of plaintiffs.

## NINTH CAUSE OF ACTION
### FAILURE TO SUPERVISE:
(Against all defendants)

19. Gain failed to supervise and to diligently oversee the handling of Plaintiff's accounts. Once plaintiff funded his account with real money no supervisors, partners, officers, employees, or agents bothered to perform their fiduciary duty.

## TENTH CAUSE OF ACTION

### NONDISCLOSURE:

(Against all defendants)

20. Gain failed to inform Plaintiff of the risks associated with futures and option trading, and that they are the counter-party behind every trade. The failure to disclose these material facts required for Plaintiff to make an intelligent decision about futures or option trading contributed to Plaintiff's damages. Gain wanted Plaintiff and other customers to lose their money for their own financial gain.

Respectfully Submitted; JOSE FLORES

Dated: October 21, 2017

By _____

JOSE FLORES, in Pro Se

## STATEMENT OF DAMAGES ADDENDUM:

1- Flores invested and lost $140,000

2- Gain Capital had kept Plaintiff's money for over four years at 10% interest as allowed by law; Plaintiff is owed a minimum of $48,000

3- Plaintiff is entitled to Punitive Damages as the Court deems proper

4- Plaintiff had suffered financial and emotional distress

5- Plaintiff had lost opportunities by not having the money lost by Gain

       Total damages  $ 188,000

# DECLARATION OF JOSE FLORES

1. I am the plaintiff in the above-referenced case. The following is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true and if required I will competently testify to same at any proceedings or hearings.

2. I was seduced by Gain Capital's false advertising, and their "Practice Account," which purports to be a training program. Gain was constantly and aggressively sending marketing materials to entice me to invest money in Forex. Gain was constantly sending emails inviting and suggesting that currency trading was an easy way to made money, with marketing materials such is videos, tutorials, trading for dummies, etc. Gain promised to Plaintiff that they will have a dedicated broker to help and assist me, but once the live accounts were funded, the emails and interest abruptly stopped.

3. I never saw a customer agreement and never agreed to its terms.

4. Gain failed to provide a dedicated broker to supervise and to handle my trading accounts which lead to the total loss of my invested money, and to act with special care in handling my account when required to do so by the Commodity Exchange Act or CFTC rules.

5. Gain consistently manipulated my trades, sometimes by terminating or liquidating a position followed by an illegal margin adjustment or even by completely changing the trade, when the trades were likely in my favor without my specific authorization or a written grant of authority to affect trades without specific authorization or any notification.

6. Gain did terminate my open positions of trades on a regular basis without my knowledge or written authorization. Gain manipulated the margin and slippage routinely to its own advantage and to the detriment of its clients.

COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL, DEMAND FOR PUNITIVE DAMAGES

7. Gain failed to supervise and to diligently oversee the handling of my accounts. Once I funded my account with real money, no supervisors, partners, officers, employees, or agents bothered to perform their fiduciary duty.

8. Gain failed to inform me of the risks associated with futures and option trading, and the failure to disclose any other material facts required to make an intelligent decision about futures or option trading. Gain wanted me and other customers to lose their money for their own financial gain.

9. Because of the stress involved in losing all of our money, and the problems associated with trying to make Gain Capital accountable for our losses, a terrible strain was placed on our marriage, and my wife and I are now going through a divorce. This has caused insomnia, anxiety, depression, sleeplessness, and panic attacks, all proximately caused by the actions and inactions of Gain Capital.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: October 21, 2017, at Los Angeles, California

By: _____
Jose Flores in Pro Se

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself [X])
JOSE FLORES

**DEFENDANTS** (Check box if you are representing yourself [ ])
GAIN CAPITAL Group LLC
A Limited Liability Corporation

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Somerset
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
JOSE FLORES
12814 Victory Blvd. #378 N.H, CA 91606
P: (818) 445 1769

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
GAIN CAPITAL Group LLC
135 U.S. Highway 202/206, Suite 11,
Bedminster NJ 07921

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3. Federal Question (U.S. Government Not a Party)
- [X] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)
- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multidistrict Litigation - Transfer
- [ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT:** $ 188,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C 63 - mail fraud and other offences

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | **TORTS** | [ ] 510 Motions to Vacate Sentence | [ ] 835 Patent - Abbreviated New Drug Application |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | [ ] 530 General | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | [X] 370 Other Fraud | [ ] 535 Death Penalty | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 310 Airplane | [ ] 371 Truth in Lending | **Other:** | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | | [ ] 330 Fed. Employers' Liability | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | | [ ] 350 Motor Vehicle | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | [ ] 690 Other | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 441 Voting | **LABOR** | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpratice | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV17-07873**

CV-71 (05/17)    CIVIL COVER SHEET    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _JOSE FLORES_   DATE: _10-27-2017_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |